IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **OGDEN SUPPORT SERVICES, INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **No. 05-945C** |
| | ) | **(Senior Judge Bruggink)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER**

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The allegations contained in the first and second sentences of the first paragraph and the second paragraph of the introductory section of the complaint (which are set forth between the headings "COMPLAINT" and "PARTIES") constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.[1]

**PARTIES**

1. Denies the allegations contained in the first sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 1 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 1.

2. Denies the allegations contained in the first, second, and third sentences of

[1] The complaint contains headings to various sections, and the headings are repeated in this answer solely to conform the structure of the answer to the complaint. Defendant does not believe a response to the headings is necessary, but should the Court conclude that a response to the headings is required, defendant responds that the headings constitute conclusions of law and plaintiff's characterization of the case, to which no answer is required, and to the extent they may be deemed allegations of fact, they are denied.

paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Denies the allegations contained in the first sentence of paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 1 to the extent supported by the Order cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 3.

4. Admits the allegation that "Defendant is the United States of America" and further states that the remaining allegations contained in paragraph 4 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## JURISDICTION AND VENUE

5. The allegations contained in paragraph 5 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in the first and second sentences of paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

## OGDEN'S PERFORMANCE UNDER THE CONTRACTS

7. Admits the first and second sentences of paragraph 7. The allegations contained in the third sentence of paragraph 7 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits that over the years, the CIA authorized the United States Department of the Treasury ("Treasury") to make payments to Ogden under the Contracts based, in part, on

invoices submitted to the CIA by Ogden; otherwise denies the allegations contained in paragraph 8.

9. Denies.

10. Admits that during the course of the performance of incurred-cost audits, the CIA and Ogden exchanged documentation; otherwise denies the allegations contained in the first sentence of paragraph 10. Admits that in authorizing Treasury to make payment to Ogden, the CIA sometimes combined multiple invoices into a single authorization for payment; otherwise denies the allegations contained in the second sentence of paragraph 10.

11. Denies.

12. Admits that the CIA worked to determine when payments had been made; otherwise denies the allegations contained in paragraph 12.

13. Admits that Ogden and the CIA compromised and settled numerous incurred-cost audit issues; otherwise denies the allegations contained in paragraph 13.

14. Denies the allegations contained in the first and second sentences of paragraph 14.

15. Denies.

16. Admits that Ogden and the CIA worked together to determine whether eight payments had been made; otherwise denies the allegations contained in the first sentence of paragraph 16. Denies the second and third sentences of paragraph 16. Admits that the CIA authorized payment on invoices; otherwise denies the allegations contained in the fourth sentence of paragraph 16. The allegations contained in the fifth sentence of paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. Denies the allegations contained in the first sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the second sentence of paragraph 17.

18. Admits that the CIA worked in good faith to attempt to locate documentation to determine whether payment had been made; otherwise denies the allegations contained in the first sentence of paragraph 18. Denies the allegations contained in the second sentence of paragraph 18.

19. Denies the allegations that "[w]ith the resolution of other post-performance audit issues coming to a close and with decreasing cooperation in determining whether the eight invoices had been paid"; admits the remaining allegations to the extent supported by the claim dated January 30, 2004, and received by the CIA on or about March 29, 2004 cited, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 19.

20. Admits the allegations to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Admits the allegations to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

**COUNT I**

23. Defendant restates and incorporates by reference its previous responses to paragraphs 1-22 as though set forth fully herein.

24. The allegations contained in paragraph 24 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. Admits the allegations to the extent supported by the claim dated January 30, 2004, and received by the CIA on or about March 29, 2004 cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Denies that plaintiffs are entitled to the relief requested in their "Prayer for Relief" set forth in the immediately following paragraph 27 or to any relief whatsoever.

29. Denies each and every allegation not previously admitted or otherwise qualified.

30. For further answer and defense, defendants states that plaintiffs' complaint is barred by laches.

31. For further answer and defense, defendants states that plaintiffs' complaint is barred by payment.

WHEREFORE, defendant respectfully requests the Court to enter judgment in favor of defendant, to dismiss the complaint, and to grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Bryant G. Snee

BRYANT G. SNEE
Assistant Director

/s/ John Warshawsky

JOHN WARSHAWSKY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0010
Facsimile: (202) 514-9163
Attorneys for Defendant

OF COUNSEL:

LAURA ZIRKLE
Office of the General Counsel
Central Intelligence Agency

December 14, 2005

Notice of Filing

I hereby certify that on December 14, 2005, a copy of foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system and that parties may access this filing through the Court's system.

/s/ John Warshawsky

______________________________