**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **OGDEN SUPPORT SERVICES, INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **No. 05-945C** |
| | ) | **(Senior Judge Bruggink)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), Appendix A, the parties submit this Joint Preliminary Status Report.

a. Does the Court have jurisdiction over the action?

Plaintiffs assert jurisdiction pursuant to 28 U.S.C. § 1491(a) and the Contract Disputes Act, 41 U.S.C. § 609(a)(1). At this time, the United States is not aware of any reason why the Court would not possess jurisdiction.

b. Should the case be consolidated with any other case?

No.

c. Should the trial of liability and damages be bifurcated?

No.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

No.

e. Will a remand or a suspension be sought?

No.

f. Will additional parties be joined?

No.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the proposed schedule for the intended filing?

Both parties may file dispositive motions, pursuant to Rule 56, following the conclusion of discovery.

h. What are the relevant factual and legal issues?

Agreed-Upon Issues:

(1) Whether the plaintiff Ogden Support Services, Inc. ("Ogden") received the payments listed in paragraph 15 of the complaint.

(2) In the event neither party is able to produce dispositive documentation as to whether Ogden received the payments listed in paragraph 15 of the complaint, which party is entitled to prevail, as a matter of law, based upon the other side's failure to adduce proof.

Additional Defendant Issue:

(1) Whether plaintiffs' claims are barred by the equitable doctrine of laches.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

At this time, the parties cannot state whether the case can be settled and do not contemplate alternative dispute resolution. As discovery progresses, the parties will assess the appropriateness of settlement.

j. Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, why? What is the requested place of trial?

If this case cannot be resolved through settlement or dispositive motions, the parties anticipate that they will proceed to trial. Neither party requests an expedited trial schedule. If a trial is required, the parties request that it be held in Washington, D.C., the location most convenient to the potential witnesses.

k. Are there special issues regarding electronic case management needs?

No.

l. Is there any other information of which the Court should be aware at this time?

Defendant advises the Court that many of the relevant documents maintained by the Central Intelligence Agency ("CIA") are classified as National Security Information. Accordingly, access to unredacted versions of these documents will be limited to those possessing appropriate security clearances. The CIA will endeavor to provide declassified versions of these materials in as timely a fashion as is feasible in light of competing demands upon the security officials responsible for declassification of materials.

m. What is the proposed discovery plan?

The parties propose that discovery begin immediately. The parties currently do not contemplate the need for expert reports or expert testimony, but will promptly advise the Court if this determination changes. The parties recommend that all discovery be completed by June 2, 2006.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Bryant G. Snee

BRYANT G. SNEE
Assistant Director

/s/ John Warshawsky

JOHN WARSHAWSKY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 307-0010
Facsimile: (202) 514-9163
Attorneys for Defendant

Dated: February 1, 2006

/s/ Ronald K. Henry

RONALD K. HENRY
Kaye Scholer LLP
901 Fifteenth Street, N.W., Suite 1100
Washington, D.C. 20005
Telephone: (202) 682-3500
Facsimile: (202) 682-3580
Attorney for Plaintiffs

Dated: February 2, 2006

Notice of Filing

I hereby certify that on February 2, 2005, a copy of the foregoing "Joint Preliminary Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system and that parties may access this filing through the Court's system.

/s/ John Warshawsky

______________________________