**Exhibit A**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **OGDEN SUPPORT SERVICES, INC., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **No. 05-945C** |
| | ) | **(Senior Judge Bruggink)** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PROTECTIVE ORDER**

Upon joint motion of the parties, and it appearing that good cause has been shown for the entry of a protective order, it is by this Court ORDERED:

1. "Protected Material" as used herein means:

(a) any document (including but not limited to any pleadings, motions, briefs, notices, responses to interrogatories or document production requests, and documents provided pursuant to an informal document production), or portion or copies thereof, produced, filed, or served by any party to this litigation or any third party deponent which document has been designated as confidential by the person or party producing it by typing or stamping on the face of the document the words "PROTECTED MATERIAL--SUBJECT TO PROTECTIVE ORDER (FED. CL. NO. 05-945C)" or a substantially similar legend;

(b) any deposition testimony designated by the deponent, the deponent's counsel, or any party as confidential, which designation is made either contemporaneously or upon reviewing the transcription of the deposition;

and

(c) summaries, analyses, notes, or other documents that reflect or refer to the information designated confidential pursuant to (a) or (b) of this paragraph.

2. Protected Material so designated by plaintiffs may be disclosed by counsel for defendant to any current Government employees and any expert or consultant retained by the Government to assist with this matter. Each person to whom such documents are disclosed by counsel for defendant shall be informed of the terms of this Protective Order and shall make no disclosure of such Protected Material, other than to whom disclosure is permitted under this Protective Order and for the purposes of this litigation.

3. Protected Material so designated by defendant may be disclosed by counsel for plaintiffs to all attorneys and employees of the law firm of Kaye Scholer LLP, any current employee of plaintiff, Covanta Energy Corporation, and any expert or consultant retained by planitiffs to assist with this matter. Each person to whom such documents are disclosed by counsel for plaintiffs shall be informed of the terms of this Protective Order and shall make no disclosure of such Protected Material, other than to persons to whom disclosure is permitted under this Protective Order and for the purposes of this litigation.

4. Either party may at any time object to the designation of information as Protected Material. If the designating party and the objecting party are unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the information shall be treated as Protected Material.

5. If either party wishes to disclose Protected Material to any person other than those

referred to in paragraphs 2 and 3 above, such party shall so inform the producing party, identifying the Protected Material to be disclosed. If the producing party and the requesting party are unable to resolve any objection informally, the requesting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the information shall be treated as Protected Material, and no disclosure shall be permitted to the person referenced in the first sentence of this paragraph.

6. If a party desires to file with the Court a pleading, motion, brief, or other document containing Protected Material, the party shall file two sets of the pleading, motion, brief, or other document. One set shall be labeled on the cover "Confidential" and shall be complete in all respects. The other set shall be labeled on the cover "Nonconfidential" and shall have the Protected Material deleted. Both sets shall be filed with the Court, but the Confidential set shall be filed under seal, shall be available only to authorized Court personnel, and shall not be made available to the public.

7. At the conclusion of this litigation, plaintiffs' counsel and any expert retained by plaintiffs' counsel shall return to the Government any copies of Protected Material made during the course of their review.

8. Either party may, after consultation with counsel for the opposing party, apply to the Court for a modification of or exception to this Protective Order.

IT IS SO ORDERED:

________________________________________

ERIC G. BRUGGINK
Senior Judge, United States Court of Federal Claims